UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JONG HI BEK, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:06-CV-261 RM |
| | ) | |
| ROBERT LEWIS, et al., | ) | |
| | ) | |
| Defendants | ) | |

OPINION and ORDER

On October 3, 2007, this cause of action was dismissed for lack of federal jurisdiction, and judgment was entered the following day. On October 15, Mr. Bek filed a motion for reconsideration and to reopen the case, and on that same day he filed a notice of appeal of the dismissal of his case. Typically, a notice of appeal divests a district court of jurisdiction over a case, *see* United States v. Vitek Supply Corp., 151 F.3d 580, 584 (7th Cir. 1998) ("The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (*quoting* Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982))), but the district court retains jurisdiction to take additional action in aid of the appeal, which would include ruling on certain post-trial motions. Martinez v. City of Chicago, __ F.3d __, 2007 WL 2416532, at *4 (7th Cir. Aug. 28, 2007).

Mr. Bek's motion for reconsideration cites no rule as the basis for the relief he seeks, but because his motion was filed on October 15, a date within ten days of the entry of the order he challenges, FED. R. CIV. P. 6(a), Federal Rule of Civil Procedure 59(e) controls. Doe v. Howe Military Sch., 227 F.3d 981, 992 (7th Cir. 2000). A motion under Rule 59(e) affords a court a wide range of discretion to correct its own errors, thereby sparing the parties and appellate courts the burden of unnecessary proceedings. Divane v. Krull Elec. Co., Inc., 194 F.3d 845, 848 (7th Cir. 1999). The party seeking relief, here Mr. Bek, must direct the court's attention to newly discovered evidence, an intervening change in controlling law, or a manifest error of law. Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001). Mr. Bek hasn't done so.

Rule 59(e) doesn't "provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment." Popovits v. Circuit City Stores, Inc., 185 F.3d 726, 730 (7th Cir. 1999). Mr. Bek's assertion that as a *pro se* litigant he should be held to less stringent standards is insufficient to establish federal jurisdiction for his claims. Mr. Bek has provided no basis for the court to grant relief under Rule 59(e) and his motion to reconsider [docket # 108] is DENIED.

SO ORDERED.

ENTERED:     October 19, 2007

   /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court